## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re:　　　　　　　　　　　　　　　　: CHAPTER 13
　　　　　　　　　　　　　　　　　　　:
DAVID F. CURTISS　　　　　　　　　　: Case No. 20-11587
　　　　　　　　　　　　　　　　　　　:
　　　　Debtor　　　　　　　　　　　　:

# **O R D E R**

AND NOW, this _____ day of _____, 2020, having considered Debtor's Chapter 13 Plan, and the Objections of R. Kerry Kalmbach to Confirmation of Debtor's Plan, and after a hearing thereon, it is hereby

ORDERED that confirmation of the Debtor's plan is denied.

BY THE COURT:

_____

U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| | : |
| DAVID F. CURTISS | : Case No. 20-11587 |
| | : |
| Debtor | : |

**OBJECTION OF R. KERRY KALMBACH TO CONFIRMATION
OF DEBTOR'S PROPOSED CHAPTER 13 PLABN**

R. Kerry Kalmbach hereby objects to the confirmation of Debtor's proposed Chapter 13 Plan for the following reasons:

1. Debtor claims to only have assets consisting of real estate valued at $225,000.00 and other personal property valued at $9,059.00; In 2015 Debtor inherited over $600,000.00 from his mother's estate and during the past year debtor maintained a vehicle for himself, a vehicle for his sons and a BMW for his fiance; accordingly, it is believed that debtor is either hiding assets or failing to disclose his assets.

2. Debtor is failing to treat R. Kerry Kalmbach's secured judgment properly in that "claims any amount owed to Mr. Kalmbach as unliquidated and disputed"; and that debtor intends to file a Petition to Strike and/or Open the Judgment, said claim is without merit and the secured judgment cannot be opened because no Petition has been filed, debtor has not promptly filed to have the judgment opened and the debtor has no defense.

3. R. Kerry Kalmbach should expect to be paid as a secured creditor and the real estate sold and R. Kerry Kalmbach paid from the proceeds of the sale.

4. Debtor's plan is ambiguous and leaves uncertainty as to the terms of it.

5. To confirm debtor's plan would be severely prejudicial and unjust to R. Kerry Kalmbach.

6. Due to the defects in Debtor's proposed Chapter 13 Plan, as set forth above, such plan is in violation of U.C. Section 1325(a)(5) and could not have been proposed in good faith as required by 11 U.S.C. §1325(a)(7).

WHEREFORE, R. Kerry Kalmbach prays that his objections be sustained and that confirmation of Debtor's Chapter 13 Plan be denied and such other relief as this Court deems just and proper.

Date:_____

_____
R. Kerry Kalmbach, Esquire
109 W. Linden Street
Kennett Square, PA 19348
(610) 444-3901
(610) 444-4132 Fax No.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In Re:  : CHAPTER 13
  :
DAVID F. CURTISS  :
  : Case No. 20-11587
Debtor  :
  :
  :

**<u>CERTIFICATE OF SERVICE</u>**

IT IS HEREBY CERTIFIED that on the below date, a true and correct copy of Objections of R. Kerry Kalmbach to Confirmation of Debtor's Proposed Chapter 13 Plan in the above-captioned matter was served upon the parties listed below in the manner listed below:

William C. Miller, Esquire, Ch. 13 Trustee      (ECF Notice)
P. O. Box 1229
Philadelphia, PA 19105

Office of The United States Trustee             (ECF Notice)
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

Robert J. Lohr, II, Esquire                     (ECF Notice)
1246 W. Chester Pike, Suite 312
West Chester, PA 19382


Date:_____         _____
                              R. Kerry Kalmbach, Esquire
                              109 W. Linden Street
                              Kennett Square, PA 19348
                              (610) 444-3901
                              (610) 444-4132 Fax No.