IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David F. Curtiss<br>    <u>Debtor</u> | CHAPTER 13 |
| M&T Bank<br>    <u>Movant</u><br>vs. | NO. 20-11587 MDC |
| David F. Curtiss<br>    <u>Debtor</u> | |
| Susie Cason<br>    <u>Co-Debtor</u> | 11 U.S.C. Sections 362 and 1301 |
| William C. Miller, Esquire<br>    <u>Trustee</u> | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition advances on the mortgage held by the Movant on the Debtor's residence is **$739.16,** which breaks down as follows:

    Tax Disbursements:    $739.16

2. The Debtor's Estate shall cure said advances in the following manner:

  a) Debtor's Estate shall pay directly to Movant the balance of $739.16 on or before April 30, 2021.

  b) Ongoing maintenance of property taxes and current homeowner's insurance by Debtor.

3. Should Debtor's Estate provide sufficient proof of payments made to Movant, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4.     In the event the payments under Section 2(a) above are not tendered pursuant to the terms of this stipulation or the terms of Section 2(b) are not followed, Movant shall notify Debtor's Estate and Debtor's attorney of the default in writing and the Debtor's Estate may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor's Estate should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5.     If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

6.     If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.     The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8.     The parties agree that a facsimile signature shall be considered an original signature.

Date:  April 1, 2021

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 4/19/2021

Robert J. Lohr, II, Esquire
Attorney for Debtor

No Objection

Date: April 20, 2021

/s/ LeeAne O. Huggins

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this 23rd day of _____ April _____ 2021. However, the court retains discretion regarding entry of any further order.

_____
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge